UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| NEW LIFE EVANGELISTIC CENTER, INC., <br><br> Plaintiff, <br><br> v. <br><br> CITY OF ST. LOUIS, MISSOURI, <br><br> Defendant. | Case No. 4:15-cv-00395-JAR |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff New Life Evangelistic Center, Inc.'s Motion to Strike Defendant's Affirmative Defense Asserting that RLUIPA is Unconstitutional (Doc. 43) and Motion to Strike Defendant's Affirmative Defenses 2, 3, and 9 (Doc. 44). Plaintiff requests that the Court strike Defendant the City of Saint Louis, Missouri's ("the City") affirmative defenses 2, 3, 9, 18 and 19 pursuant to Federal Rule of Civil Procedure 12(f) as legally insufficient (Docs. 43-1, 44). The City's affirmative defenses 2, 3, 9, 18 and 19 are as follows:

> 2. Plaintiff fails to state any claim for relief because there is no justiciable controversy in that its permit has not been revoked.
>
> 3. Plaintiff's claims are not ripe for adjudication because Plaintiff's permit has not been revoked.
>
> 9. Plaintiff's equitable claims must fail because they possess an adequate remedy at law through the Missouri Administrative Procedures Act.

18. Alternatively, Congress exceeded its Commerce Clause and Spending Clause authority by enacting RLUIPA.

19. Alternatively, RLUIPA violates the Tenth Amendment, Fourteenth Amendment, and the Establishment Clause.

(Doc. 39 at 13-14).

Federal Rule of Civil Procedure 12(f) provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Although courts enjoy broad discretion in determining whether to strike a party's pleadings, motions to strike are "viewed with disfavor and are infrequently granted." *Speraneo v. Zeus Technology, Inc.*, 2012 WL 2117872, at *1 (E.D. Mo. June 11, 2012) (internal quotations omitted). The Court will not exercise its discretion under the rule to strike a pleading unless the matters sought to be omitted have no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party. *See Shirrell v. St. Francis Medical Center*, 2013 WL 3457010, at *1 (E.D. Mo. July 9, 2013) (and cases cited therein). Relevant to Plaintiff's specific assertions, the Eighth Circuit directs the Court not to strike a defense as "legally insufficient" if the defense is either "sufficient as a matter of law or if it fairly presents a question of law or fact which the court ought to hear." *Lunsford v. United States*, 570 F.2d 221, 229 (8th Cir. 1977) (internal quotations omitted).

The Court finds that the affirmative defenses have a significant relationship to the controversy and present questions of law and fact the Court should consider. Plaintiff has spent a great deal of time arguing the merits of the affirmative defenses, not their legal

2

sufficiency. Further, Plaintiff has not established that the inclusion of the affirmative defenses would prejudice or confuse the issues in any way.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Strike Defendant's Affirmative Defense Asserting that RLUIPA is Unconstitutional (Doc. 43) and Motion to Strike Defendant's Affirmative Defenses 2, 3, and 9 (Doc. 44) are **DENIED.**

Dated this 9th day of July, 2015.

/s/ John A. Ross
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**