**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| **NEW LIFE EVANGELISTIC CENTER, INC.,** ) | |
| ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 4:15-cv-00395-JAR |
| ) | |
| **CITY OF ST. LOUIS, MISSOURI,** ) | |
| ) | |
| ) | |
| **Defendant.** ) | |

**MEMORANDUM AND ORDER**

New Life Evangelical Center ("NLEC") operates a homeless shelter in downtown St. Louis. On February 17, 2015, Defendant the City of Saint Louis, Missouri's ("the City") Board of Public Service ("the Board") issued an order revoking NLEC's hotel permit unless NLEC either: (1) provides proof to the Board demonstrating compliance with the thirty-two (32) bed occupancy limit imposed on it by the hotel permit or (2) provides documentation to the Board demonstrating that NLEC has obtained the necessary permit and/or license to operate the Facility. NLEC brought the current suit against the City for declaratory relief, injunctive relief, and damages pursuant to the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. 2000cc et seq., the First and Fourteenth Amendments to the United States Constitution, the Missouri Religious Freedom Restoration Act, Mo. Rev. Stat. Sec. 1.302, and the Missouri Constitution generally contesting the validity of the Board's decision. During the course of the litigation, 1426 Washington Ave. LLC, and 1401 Locust Street, LLC ("the Property Intervenors"), two neighboring property owners, were allowed to intervene (Doc. 52). Because

the Court found the RLUIPA claims (Counts I, VIII), the section 1983 claims (Counts II, III), and the declaratory judgment claim (Count VII) not ripe for adjudication and declined to exercise jurisdiction over the state law claims (Counts IV-VI), the Court dismissed this action without prejudice.

On November 17, 2015, the Property Intervenors filed their Motion for Bill of Costs in the amount of $6,321.40 (Doc. 165). That same day, the City filed its Motion for Bill of Costs in the amount of $4,416.25 (Doc. 168). On December 1, 2015, NLEC filed its objections to the Bills of Costs (Doc. 171). The Property Intervenors and the City filed their replies on December 8, 2015 (Docs. 173, 174). The motions are, therefore, fully briefed and ready for disposition.

**I. Analysis**

Where, as here, a case is dismissed for want of jurisdiction, an award of costs is governed by 28 U.S.C. § 1919[1][2]. *See Otay Land Co. v. United Enterprises Ltd.*, 672 F.3d 1152, 1156 (9th Cir. 2012) (applying section 1919 when an action was dismissed as unripe). Unlike an analysis under Rule 54(d)(1), the same strong presumption in favor of awarding costs to the prevailing party does not apply under section 1919. *Otay Land Co.*, 672 F.3d at 1156 (citing *Miles v. California*, 320 F.3d 986, 988 n.2 (9th Cir. 2003)); *Hygienics Direct Co. v. Medline Indus.*, Inc., 33 F. App'x 621, 625 (3d Cir. 2002); *Fay v. Fay*, No. 113CV01362AWIMJS, 2015 WL 7271713, at *2 (E.D. Cal. Nov. 17, 2015). Although the Eighth Circuit has not yet addressed how to determine "just costs," the Court finds Ninth Circuit case law persuasive. The Ninth Circuit directs courts to "consider what is most fair and equitable under the totality of the

---

[1] "Whenever any action or suit is dismissed in any district court . . . for want of jurisdiction, such court may order the payment of just costs." 28 U.S.C. § 1919.
[2] While the City mistakenly cites to 28 U.S.C. § 1920 in its memorandum in support of taxation of costs (Doc. 169), the Court will not deny its Motion for Bill of Costs on that basis as the City filed the correct form.

2

circumstances" with an emphasis on a "case-by-case approach." *Otay Land Co.*, 672 F.3d at 1157. In *Otay*, the Ninth Circuit sets forth the following factors for the Court's review: (1) the role played by exigent circumstances, specifically hardship or culpable behavior by the parties; (2) the strength of plaintiff's jurisdictional claim; and (3) the significance of pending parallel litigation in state court. *Id.* at 1157-59. A district court has substantial discretion in awarding costs pursuant to 28 U.S.C. § 1919. *See Id.* at 1156; *Callicrate v. Farmland Indus., Inc.*, 139 F.3d 1336, 1339 (10th Cir. 1998).

The Court declines, in its exercise of discretion under 28 U.S.C. § 1919, to award costs to either defendant. There is no evidence that NLEC acted in a vexatious or frivolous manner or otherwise exhibited culpable behavior. According to Plaintiff's counsel, NLEC was unaware that the City would consider several exemptions until during the pendency of the action. As a result of these representations, NLEC filed a new application with the City. Without such assurances, the Court very well may have determined any such application to be futile and the case ripe for adjudication. *See Hygienics Direct Co. v. Medline Indus., Inc.*, 33 F. App'x 621, 625-26 (3d Cir. 2002) ("In this case, the District Court determined that costs should not be awarded to the defendants because Hygienics had 'plausible grounds for asserting the existence of federal jurisdiction' and Hygienics did not act in a 'vexatious or frivolous' manner."). Furthermore, while the Court allowed the Property Intervenors to intervene as a matter of right, these defendants willingly chose to participate in what they are now calling "an unreasonable, hasty and ill-considered lawsuit based on an infirm claim" (Doc. 174 at 2). They stand on decidedly less stable ground in their request than the City. Regardless, the Court finds that an award of costs in this case would be "unjust" for the reasons previously identified and therefore defendants shall bear their own costs.

## III. Conclusion

Accordingly,

**IT IS HEREBY ORDERED** that the Property Intervenors' Motion for Bill of Costs (Doc. 165) and Defendant City of St. Louis' Motion Bill of Costs (Doc. 168) are **DENIED.**

Dated this 17th day of February, 2016.

*John A. Ross*
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**