UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **NEW LIFE EVANGELISTIC CENTER, INC.,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. 4:15-cv-00395-JAR |
| | ) |
| **CITY OF ST. LOUIS, MISSOURI,** | ) |
| | ) |
| **Defendant.** | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant City of St. Louis' ("the City") Motion for Sanctions (Doc. 166). The Motion is fully briefed and ready for disposition. For the following reasons, Defendant's Motion will be **DENIED**.

### I. Background

Relevant to the current motion, New Life Evangelical Center ("NLEC") operates a homeless shelter in downtown St. Louis. On February 17, 2015, the City's Board of Public Service ("the Board") issued an order revoking NLEC's hotel permit unless NLEC either: (1) provides proof to the Board demonstrating compliance with the thirty-two (32) bed occupancy limit imposed on it by the hotel permit or (2) provides documentation to the Board demonstrating that NLEC has obtained the necessary permit and/or license to operate the Facility. NLEC brought the current suit against the City for declaratory relief, injunctive relief, and damages pursuant to the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. 2000cc et seq., the First and Fourteenth Amendments to the United States Constitution, the

Missouri Religious Freedom Restoration Act, Mo. Rev. Stat. Sec. 1.302, and the Missouri Constitution generally contesting the validity of the Board's decision.

During the course of the litigation, NLEC designated Reverend Jamey Lee ("Rev. Lee") as one of its expert witnesses in this case. As required under Federal Rule of Civil Procedure 26(a)(2)(B), Rev. Lee produced an expert witness report ("the Report") (Doc. 166-1). According to the Report, Rev. Lee proffers the following two opinions: (1) that there is a religious basis for the Church to care for the homeless citizens of St. Louis; and (2) that the BPS Order "puts substantial pressure on New Life to modify its behavior and to violate its beliefs as the BPS decision leaves New Life with no ready alternatives to find another potentially suitable property" (*Id.* at 4-5)

In his Report, Rev. Lee indicates that he relied on the following sources in formulating his opinions: (1) The Bible, English Standard version; (2) New Life Evangelistic Center v. City of St. Louis Complaint with exhibits; (3) Selected portions of the BPS testimony regarding the closure of New Life Ministries; and (4) BPS Decision dated February 17, 2015 (*Id.* at 3). During his deposition, Rev. Lee indicated that he based his Report "on my reading of the scriptures and my conversations with Mr. Dalton about the case. So I did not base my opinion on any of these documents nor did I read them" (Doc. 166-2 at 25). He further stated, "And I didn't realize that this section was implying that. I can see that now as you're explaining it" (*Id.*).

The City now moves this Court to assess sanctions against Plaintiff pursuant to Federal Rule of Civil Procedure 37 for reasonable expenses and attorney's fees related to the preparation and taking of Rev. Lee's deposition.

## II. Analysis

Pursuant to Rule 26(a)(2)(B)(ii), an expert report must contain "the facts or data considered by the witnesses in forming [his opinion]." When a party fails to provide such information or, as alleged in this case, misstates the sources of the expert's data, "the district court has wide discretion to fashion a remedy or sanction as appropriate for the particular circumstances of the case." *Wegener v. Johnson*, 527 F.3d 687, 692 (8th Cir. 2008) (citing FED. R. CIV. P. 37(c)(1)). The court "may exclude the information or testimony as a self-executing sanction unless the party's failure to comply is substantially justified or harmless." *Id.* "When fashioning a remedy, the district court should consider, *inter alia*, the reason for noncompliance, the surprise and prejudice to the opposing party, the extent to which allowing the information or testimony would disrupt the order and efficiency of the trial, and the importance of the information or testimony." *Id. See also Rodrick v. Wal-Mart Stores E., L.P.*, 666 F.3d 1093, 1096-97 (8th Cir. 2012).

Even if the Court were to find Rev. Lee to have misstated the source of his data in violation of Rule 26, the Court finds that because Plaintiff properly offered a substantial justification for the error and Defendant was not prejudiced by it, Rule 37 sanctions are unwarranted. Specifically, Rev. Lee indicated in his deposition that he was unware of the contours of Rule 26 and erred on the side of overinclusion (*See* Doc. 166-2 at 23, 25). The Advisory Committee is clear the term "facts and data" is to be interpreted broadly and the purpose of the rule is to encourage disclosure. FED. R. CIV. P. 26(a)(2) advisory committee's note to 2010 amendments. *See also* FED. R. CIV. P. 26(a)(2) advisory committee's note to 1993 amendments ("Given this obligation of disclosure, litigants should no longer be able to argue that materials furnished to their experts to be used in forming their opinions — whether or not
 

ultimately relied upon by the expert — are privileged or otherwise protected from disclosure when such persons are testifying or being deposed."). Although the City asserts that the failure to accurately disclose the information Rev. Lee relied upon in making his opinion hindered counsel's ability to properly prepare for and examine Rev. Lee, the Court notes that all of the materials listed were easily and readily available to counsel prior to the deposition and, again, amounted to, if anything, an overinclusion of material. Further, the Court notes that the City, not Plaintiff, determined that a deposition of Rev. Lee was necessary (*See* Doc. 166 at 2) ("Based on the content of [Rev.] Lee's Report, counsel for Defendant City determined that it was necessary to depose [Rev.] [] Lee prior to trial.").

### III. Conclusion

Accordingly,

**IT IS HEREBY ORDERED** that Defendant City of St. Louis' Motion for Sanctions (Doc. 166) is **DENIED.**

Dated this 22nd day of February, 2016.

                                              **JOHN A. ROSS**
                                              **UNITED STATES DISTRICT JUDGE**